UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COREY ROBERT FAIRCHILD,<br><br>Defendant. | Case No. 4:16-cr-00268-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Corey Fairchild's Motion for Early Termination of Supervised Release (Dkt. 2). Having reviewed the Motion and the Government's Response (Dkt. 6), the Court now issues its decision. For the reasons explained below the Court will grant the Motion.

## BACKGROUND

In March, 2006, Mr. Fairchild was sentenced in the District of Montana on two counts involving conspiracy to possess and possession with intent to distribute methamphetamine. He received a 120-month concurrent sentence and eight years of supervised release. (Dkt. 1).

Mr. Fairchild was released from prison to supervised release in Montana on April 7, 2014. On November 10, 2016, jurisdiction was transferred to Idaho and

supervision began here at that time. Mr. Fairchild's supervision is scheduled to expire on April 6, 2022. (Dkt. 2).

Mr. Fairchild is currently just shy of having completed seven of his eight years of supervised release. Since being released from prison, Mr. Fairchild's conduct has demonstrated his intent to be a productive member of society. Mr. Fairchild has continuously performed all obligations of supervision, has been consistently employed, and has become an asset to his community through extensive volunteer work. Additionally, Mr. Fairchild has been married since July, 2019, and has been helping his wife raise her 12-year-old son.

Mr. Fairchild's probation officer states that Mr. Fairchild has been on the low-risk administrative caseload since September 6, 2017, has never submitted a positive UA, and has had no issues of non-compliance during supervision. Probation does not oppose early termination but is taking a neutral stance. (Dkt. 2). The Government does not oppose the motion.

## ANALYSIS

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to

terminate supervision, the court must review a number of sentencing factors which include:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir.2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

Reviewing Mr. Fairchild's accomplishments against the 3553(a) factors indicates that early termination is "in the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Fairchild is a family man who has demonstrated an exceptional turnaround. Accordingly, the Court will grant the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 2) is **GRANTED**.

DATED: March 4, 2021

B. Lynn Winmill  
U.S. District Court Judge